IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARSHALL TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACTION NO. 2:08cv496-MEF |
| ) | (WO) |
| CARROLL'S RADIATOR ) | |
| SERVICE, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE AND ORDER**

Upon consideration of the motion for leave to proceed *in forma pauperis*, it is ORDERED that the motion be and is hereby GRANTED.

Marshall Taylor ("Taylor"), an Autauga County Metro Jail inmate, filed this 42 U.S.C. § 1983 action on June 23, 2008.[1]  In this complaint, Taylor asserts the following claims:

(1) Pearson Industries wrongfully withheld child support money from his paycheck;

(2) Carroll's Radiator Service failed to repair the heater and air-conditioner in his truck;

---

[1] Although the Clerk of this court stamped the complaint "filed" on June 24, 2008, it is clear that Taylor presented the complaint to prison officials for mailing prior to this date. A review of the pleadings indicates that Taylor executed the complaint on June 23, 2008. *Plaintiff's Complaint - Court Doc. No. 1* at 4. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Taylor] signed it ...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers June 23, 2008 as the date of filing.

>	(3)	City of Prattville Police Chief Alfred Wadsworth and Charlotte Reeves unlawfully seized $2000 of his bail bond money; and
>
>	(4)	Chief Wadsworth trespassed onto his property and pulled a gun on him.

(Doc. No. 1, p. 3.) Taylor names Carroll's Radiator Service, Carter Construction, Charlotte Reeves, Alfred Wadsworth, Pearson Industries, and the City of Prattville Police Department as defendants. He requests that the defendants return his money and repair his truck.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## I. DISCUSSION

### A. City of Prattville Police Department

The City of Prattville Police Department is not a legal entity subject to suit or liability under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The court therefore concludes that the plaintiff's claims against the City of Prattville Department are due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. State Action

Carroll's Radiator Service, Carter Construction, and Pearson Industries are private entities. The allegations in the plaintiff's complaint show that none of the conduct about

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

which the plaintiff complains can be characterized as action under state law or fairly attributable to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). Thus, these defendants are due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) because they are not state actors amenable to suit under § 1983.

### C.  Statute of Limitations

Taylor concedes that his claims against the state defendants (as well as all of his claims) were raised in prior lawsuits filed in this court and requests that the undersigned "help [him] put this back in court." (Doc. No. 1, p. 3.) In his complaint, Taylor indicates that the incidents occurred in January 2000. (*Id.*, p. 2.) Records from prior lawsuits filed in this court also indicate that the incidents about which Taylor complains occurred at some point on or before May 2005.[3] *See Taylor v. Wardworth*, 2:07cv281-WKW (M.D. Ala. 2007); *Taylor v. Wadsworth*, 2:05cv800-T; *Taylor v. Pearson*, 2:05cv799-T (M.D. Ala. 2005); *Taylor v. Wadsworth*, 2:05cv745-A. Thus, it is clear that Taylor's claims against the defendants are barred by the statute of limitations.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for  § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981).  It is undisputed that § 1983 claims were subject to a two year

---

[3] This court may take judicial notice of its own records. *U.S. v. Glover*, 179 F.3d 1300, 1303 n. 5 (11th Cir. 1999).

limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  At the time Taylor filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years.  *Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).  In Alabama, the general statute of limitations for personal injury actions is two years.  *Ala. Code* § 6-2-38(l).

The alleged unconstitutional actions occurred on or before May 2005.  On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners.  *See Ala. Code* § 6-2-8(a) (1975, as amended).  The tolling provision of *Ala. Code* § 6-2-8(a) is therefore unavailing.  Consequently, the applicable statute of limitations expired on or before May 2007.[4]  Taylor filed the instant complaint on June 23, 2008.  This filing occurred ***after*** the applicable limitations period had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the

---

[4] The court notes that, with respect to Taylor's claims arising from incidents occurring on January 1, 2000, the statute of limitations expired in January 2003.

complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Taylor has no legal basis on which to proceed as he filed this cause of action more than two (2) years after the violations which form the basis of the complaint accrued. As previously determined, the statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that Taylor's claims are barred by the applicable statute of limitations and these

claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).[5]

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitations.

It is further

ORDERED that **on or before July 14, 2008** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

---

[5]Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of July, 2008.

                                 /s/Charles S. Coody
                               CHARLES S. COODY
                               UNITED STATES MAGISTRATE JUDGE